Filed 12/8/22  P. v. Samm CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>STERLING SAMM,<br><br>    Defendant and Appellant. | C096268<br><br>(Super. Ct. No. CR-2018-3971) |

Appointed counsel for defendant Sterling Samm filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

# BACKGROUND

A jury convicted defendant of three counts of kidnapping (Pen. Code, § 207, subd. (a)),[1] vandalism causing more than $400 in damage (§ 594, subds. (a), (b)(1)), two counts of infliction of corporal injury on a person with whom defendant had a dating relationship (§ 273.5, subd. (a)), making a criminal threat (§ 422), and false imprisonment (§§ 236, 237, subd. (a)) in Yolo County Superior Court case No. CR-2018-3971. He was sentenced to 48 years eight months in state prison. Defendant appealed, and this court remanded to allow the trial court to clarify its sentencing choices, consider whether the sentences for infliction of corporal injury and false imprisonment must be stayed under section 654, and resentence defendant as appropriate. We otherwise affirmed the judgment. (*People v. Samm* (July 2, 2021, C090684) [nonpub. opn.].)

Upon remand, defendant filed a "motion to reverse void judgment," arguing that the judgment was void because it was "entered for lack of jurisdiction in the first instance as evidenced by the Respondent's confession of judgment lodged in the record." According to defendant's convoluted motion and supporting papers, defendant apparently filed a motion for discovery under the Administrative Procedures Act and thereafter obtained some sort of civil judgment by default against the People in Alameda County Superior Court. Based primarily on the alleged default, defendant asserted that the People and the trial court lacked personal and subject matter jurisdiction over him in the criminal proceedings because he was unlawfully charged by a defective charging instrument; that his trial counsel was ineffective because he failed to provide a "validity test" to the charging document; and that the prosecutor violated discovery obligations

---

[1] Further undesignated statutory references are to the Penal Code.

under *Brady*.[2]  The default was subsequently set aside by the Alameda County Superior Court.

The People opposed defendant's motion to reverse void judgment, arguing it was procedurally improper and meritless.  At a hearing in August 2021 following the remittitur, the trial court declined to consider defendant's motion because defendant had failed to bring his claims by proper civil or habeas corpus procedures and because "the motion itself [did not] make any sense."  Defendant's motion was later refiled and reset, and defendant subsequently filed a motion to strike the prosecutor's opposition.

At the May 2022 sentencing hearing, in accordance with this court's disposition (see *People v. Samm, supra*, C090684), the trial court found that section 654 did not apply to the infliction of corporal injury and false imprisonment counts, and clarified for the record that it originally had understood its discretion to impose consecutive or concurrent sentences regarding the kidnapping offenses.  The court found no reason to change defendant's sentence and confirmed his original sentence.

At a later hearing that same day before a different judge, the court considered defendant's motion to reverse judgment and his motion to strike the prosecutor's opposition.  The prosecutor argued defendant's motion was improper procedurally, and that no principle of law allows a default in a civil action from a different jurisdiction to deprive the court of jurisdiction in the pending criminal matter.  In any event, the prosecutor noted the default had been set aside.

The court agreed with the prosecutor that defendant's motion was difficult to discern and procedurally improper, finding that his alleged claims were more properly raised in a habeas corpus petition.  The court denied defendant's motion to strike the

---

[2]  *Brady v. Maryland* (1963) 373 U.S. 83.

prosecutor's opposition as well as his motion to reverse void judgment. Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People v. Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief again contending that the judgment should be set aside as void because the trial court lacked jurisdiction to enter it given the default he purportedly obtained against the People in Alameda County. Defendant, however, provides no reasoned argument or legal authority as to why the trial court erred in denying his motion. Instead, defendant merely attaches his motion papers from below, which largely referenced inapplicable abstract legal concepts pertaining to exhaustion of administrative remedies, confessions of judgment, and settlement agreements. That is not sufficient to reverse the trial court's order here.

It is well settled that " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

"It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without

4

foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

In this case, defendant provides no basis to conclude the court erred in denying the motion. Defendant cites no authority, and we have found none, that a civil default from a court in one county, which has since been set aside by the issuing court, somehow deprives a court in a different county of jurisdiction to enter a criminal judgment. As the trial court properly recognized, defendant's allegations regarding a purportedly defective charging document or ineffective assistance of counsel are more properly raised in a petition for habeas corpus, which was not before the court when it ruled.

After examining the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.


_____/s/_____
EARL, J.



We concur:



___/s/_____
DUARTE, Acting P. J.



___/s/_____
KRAUSE, J.


5